[Doc. No. 4]

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

---------------------------------
FRANK A. BRIGLIA, M.D.,

        Plaintiff,

    v.

AMERITAS LIFE INSURANCE CORP. and
THE UNION CENTRAL LIFE INSURANCE
COMPANY,

        Defendants.
---------------------------------

CIVIL ACTION NO.:
1:14-cv-07968-RBK-KMW

## ORDER TO SEAL

THIS MATTER having come before the Court on the Motion of Plaintiff Frank A. Briglia, M.D., for the entry of an Order pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Civil Rule 5.3(c) sealing the Complaint filed in this action; and the Court having considered the written submissions of the parties and the arguments of counsel during the June 17, 2015 oral argument; and for good cause shown, the Court grants the Motion based upon the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. This is an action for breach of contract and declaratory judgment arising from Defendants Ameritas Life Insurance Corp.'s ("Ameritas") and its predecessor in interest, The Union Central Life Insurance Company's ("Union

3

Central") (together, the "Defendants") alleged breach of five occupational disability policies entered into by the Defendants and Dr. Briglia (the "Policies").

2. Dr. Briglia and Defendants dispute whether a medical condition has rendered Dr. Briglia "Totally Disabled," as that term is defined in the Policies (the "medical condition").

3. The Complaint contains details regarding Dr. Briglia's medical condition. These details are integral to the Complaint's allegations that Dr. Briglia is Totally Disabled pursuant to the Policies. Thus, certain details of the medical condition, such as the name of the medical condition, description of the condition and its prognosis, are redacted from the publicly filed Complaint as follows:

   a) The name of the medical condition is redacted from paragraphs 1, 20, and 31(1);
   b) Portions of paragraph 18, which discuss the onset and progression of the medical condition, are redacted;
   c) The entirety of paragraph 19, which describes the condition in general terms including the related symptoms and prognosis, is redacted; and
   d) Portions of paragraph 22, which discuss the progression of the medical condition, are redacted.

4

4. Dr. Briglia was once employed as a pediatric critical care specialist. Affidavit of Frank A. Briglia ("Briglia Aff.") ¶ 4, June 24, 2015.

5. Dr. Briglia is able to provide general pediatric care to children and perform executive, managerial and administrative work in pediatrics. *Id.* at ¶ 5.

6. Dr. Briglia is sixty-five (65) years of age. *Id.* at ¶ 10.

7. Dr. Briglia intends to pursue an administrative, executive level position when such a position becomes available. *Id.* at ¶ 11.

8. Dr. Briglia is concerned about the harm that may result from the public disclosure of his medical condition due to ageism in the medical profession and the possibility that he will be judged based upon his condition, thereby, impeding his ability to secure other positions that may arise. *Id.* at ¶¶ 8-13.

## CONCLUSIONS OF LAW

9. There exists a common law public right of access to judicial proceedings and records. *Rosario v. Doe*, No. 08-5185, 2013 WL 3283903, at *2 (D.N.J. June 25, 2013)(citing *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)).

10. "'[T]he right to inspect and copy judicial records

is not absolute.'" *Archbrook Laguna LLC v. New Age Electronics, Inc.*, No. 08-1421, 2008 WL 2987164, at *2 (D.N.J. Aug. 4, 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

11. In order to overcome this presumption of a public right of access, the movant must demonstrate that "good cause" exists for the protection of the material at issue. *Locascio v. Balicki*, No. 07-4834, 2011 WL 2490832, at *6 (D.N.J. June 22, 2011)(citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

12. Pursuant to Local Civil Rule 5.3(c)(2), in determining the appropriateness of a request to seal, the Court considers: "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."

13. "[C]aution must be exercised when filing documents that contain . . . [m]edical records, treatment, and diagnoses." *Metropolitan Life Ins. Co. v. Bennett*, No. 07-6131, 2008 U.S. Dist. LEXIS 36394, at *2 (D.N.J. May 1, 2008)(citing L. Civ. R., ELECTRONIC CASE FILING POLICIES AND PROCEDURES ¶ 17, *as amended* April 3, 2014).

14. An individual has a right to privacy in his or her medical information. *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980)("Information about one's body and state of health is matter which the individual is ordinarily entitled to retain within the 'private enclave where he may lead a private life.' It has been recognized in various contexts that medical records and information stand on a different plane than other relevant material."); *Rosario*, 2013 WL 3283903, at *3 fn. 1 (D.N.J. June 25, 2013); *Locascio*, 2011 WL 2490832, at *6.

15. First, the nature of the information that Plaintiff seeks to protect is that relating to the name of his medical condition and its prognosis. Plaintiff does not seek to protect the fact that he has a medical condition and its impact on his ability to perform his prior occupation.

16. Second, as outlined in the case law above, Plaintiff has a legitimate privacy interest in his medical information which would warrant the relief sought. Indeed, at least one court in this District has sealed portions of a complaint, at the request of the insurance company plaintiff, finding that defendant had an interest in maintaining the privacy of his medical information. *Metropolitan Life Ins. Co. v. Bennett*, 2008 U.S. Dist. LEXIS 36394, at *2-3.

17. Third, public disclosure of the Complaint, without

7

the requested redactions, would result in a clearly defined and serious injury to Dr. Briglia by publicly disclosing his private and confidential medical information. In *Metropolitan Life Ins. Co. v. Bennett*, Judge Bongiovanni granted the request of the insurance company plaintiff to redact portions of the complaint which referenced defendant's medical condition and medical treatment in a case related to whether the defendant was entitled to disability benefits based upon alleged misrepresentations by defendant. 2008 U.S. Dist. LEXIS 36394, at *1. While that motion was unopposed, in granting the motion, the court still made the requisite findings pursuant to L. Civ. R. 5.3(c)(2). *Id.* at 2. In this regard, the court noted that this District promulgated policies and procedures stating that caution shall be exercised in filing documents containing medical treatment and diagnoses and public disclosure of defendant's medical information would harm defendant's privacy interests in same. *Id.* at *2-3. In this instance, the public's right to access does not outweigh Plaintiff's right to privacy in his medical information, especially since the information Plaintiff seeks to redact is narrowly tailored to ensure that the public is properly apprised of the other allegations which form the basis of Plaintiff's claims.

Notably, the factors outlined in *Pansy* also support

sealing the requested information. In this regard, "'[g]ood cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Pansy*, 23 F.3d at 786. Courts balance several factors to determine whether "good cause" has been established.[1] Here, the disclosure will violate Plaintiff's right to privacy in his medical information, thus, he is seeking this Order for a legitimate purpose. Moreover, the confidentiality being sought does not relate to information important to public health or safety, Plaintiff is not a public official nor are the issues involved important to the public. Moreover, Plaintiff claims that he will be embarrassed, and potential employment opportunities compromised, if his condition were publicly disclosed. Last, the information is still fully available to Defendants. Thus, none of the *Pansy* factors weigh against granting select redactions to the Complaint.

18. Fourth, Plaintiff has proposed a less restrictive alternative to sealing the Complaint. Here, Plaintiff seeks redactions to the Complaint as opposed to sealing the entire

---

[1] The factors are whether: (1) disclosure will violate any privacy interests; (2) the information is being sought for a legitimate purpose or for an improper purpose; (3) disclosure of the information will cause a party embarrassment; (4) confidentiality is being sought over information important to public health and safety; (5) the sharing of information among litigants will promote fairness and efficiency; (6) a party benefitting from the order of confidentiality is a public entity or official; and (7) the case involves

9

pleading. Moreover, Plaintiff only seeks to protect the name of his medical condition and its prognosis. Plaintiff does not seek to protect the fact that he has a medical condition and its impact on his ability to perform his prior occupation.

19. All four factors outlined in L. Civ. R. 5.3, and the factors outlined in *Pansy,* support the requested redactions. Moreover, the foregoing conclusions are supported by relevant case law holding that the right of public access to judicial documents and proceedings is not absolute and may be overcome by a showing such as made here in the discretion of the Court.

Consequently, IT IS this **14th** of **July, 2015,** hereby

**ORDERED** that Dr. Briglia's Motion [Doc. No. 4] seeking to seal the following portions of the Complaint is **GRANTED:** Portions of paragraphs 1, 20, and 31(1) referencing the name of the condition; portions of paragraph 18 which discuss the onset and progression of the medical condition; the entirety of paragraph 19 which describes the condition in general terms including the related symptoms and prognosis; and portions of paragraph 22, which discuss the progression of the medical condition.

s/ Karen M. Williams<br>
Hon. Karen M. Williams<br>
United States Magistrate Judge

cc: Hon. Robert B. Kugler

---

issues important to the public. *See Pansy*, 23 F.3d at 788-88.